Appeal of **C. N. MERRITT & BROTHER, INC.**   Docket No. 1758.

Submitted March 18, 1925; decided April 6, 1925.

*Edgar T. Wagner, C. P. A.*, for the taxpayer.

*E. C. Lake, Esq.*, for the Commissioner.

Before LANSDON, LITTLETON, and SMITH.

This appeal is from a deficiency in income and profits taxes for 1918 in the amount of $4,721.52. The only question in issue is whether the taxpayer is entitled to classification as a personal service corporation for the year 1918.

### FINDINGS OF FACT.

1. C. N. Merritt began business in 1873, as a sole proprietor. Subsequently a partnership was formed with a brother, A. I. Merritt. On or about December 20, 1911, the business carried on by the partnership was incorporated under the laws of the State of Delaware with a capital stock of $15,000, par value of each share $100. On or about March 28, 1917, the business was reincorporated under the laws of the State of Maryland with a capital stock of $25,000, par value of each share $100. The last-named incorporation is the taxpayer in this appeal.

2. During the year 1918, the capital stock of the taxpayer was held as follows:

|  | Shares. |
| --- | --- |
| C. N. Merritt | 120 |
| A. I. Merritt | 120 |
| Guy R. Merritt | 5 |
| Martin H. Merritt | 5 |
| Total | 250 |

The capital stock was issued for cash at par. The business of the taxpayer is that of selling farm produce on a 5 per cent commission basis. The taxpayer also acts as agent for a fertilizer company and receives commission upon sales of fertilizer to truck gardeners through its instrumentality. It also purchases baskets and sells them to the market gardeners and receives a small profit from this source. It does not act as principal in the sale of farm produce.

3. All of the stockholders were regularly engaged in the active conduct of the taxpayer's business during the year 1918, with the exception of Martin H. Merritt, who was in the military service from May, 1918, to the close of the year.

4. The services rendered by the corporation consisted of making contracts between growers of produce and canners, selling produce delivered in the market on the spot to canners and packers, collecting from canners and packers for produce sold to them and remitting such collections to the growers less commissions allowed. The purchasers of the produce ordinarily paid for the produce weekly. It was customary for the purchasers to pay not later than Friday of each week for deliveries of produce made during the preceding week. Practically 95 per cent of the produce was paid for thus promptly. The taxpayer ordinarily paid the growers for the produce delivered at the end of each month, although the produce was paid for more promptly if the growers demanded it. Furthermore, if the growers in good standing desired to borrow money the taxpayer accommodated them, generally charging interest upon such advances at the rate of 6 per cent per annum. The amounts advanced to a grower seldom exceeded $250, although a great many advances were made during the year. The taxpayer did not ordinarily require the grower to enter into a written contract that the produce raised by him should be sold through the taxpayer. There was an understanding, however, on the part of the grower that he was to sell his produce through the taxpayer. During the year 1918 the taxpayer received $1,492.09 interest on advances made to farmers. The amount which at 6 per cent would yield $1,492.09 interest is $24,868.17. The advances to farmers during a part of the year were much in excess of the last-named amount.

5. The balance sheets of the taxpayer at January 1 and December 31, 1918, read as follows:

### JANUARY 1, 1918.

| ASSETS. | | LIABILITIES. | |
|---|---|---|---|
| Cash | $20,046.68 | Accounts payable | $7,679.44 |
| Bills receivable | 19,004.93 | Capital stock | 25,000.00 |
| Liberty loan bonds | 2,000.00 | Surplus | 17,645.58 |
| Accounts receivable | 8,273.41 | | |
| Office fixtures and machine | 1,000.00 | | |
| | 50.325.02 | | 50,325.02 |

### DECEMBER 31, 1918.

| ASSETS. | | LIABILITIES. | |
|---|---|---|---|
| Cash | $20,783.48 | Accounts payable | $3,633.30 |
| Bills receivable | 21,744.46 | Capital stock | 25,000.00 |
| Liberty loan bonds | 5,000.00 | Surplus | 21,452.32 |
| Accounts receivable | 2,357.68 | | |
| Office fixtures | 200.00 | | |
| | 50,085.62 | | 50,085.62 |

The taxpayer's income-tax return for 1918 shows:

| | |
|---|---|
| Gross income from operations | $38,147.44 |
| Interest on notes and accounts | 2,283.79 |
| Total | 40,431.23 |

DEDUCTIONS.

| | |
|---|---|
| Ordinary and necessary expenses_____ | $7, 868. 39 |
| Salaries of stockholders _____ | 16, 420. 00 |
| Worthless debts_____ | 1, 159. 71 |

$25, 448. 10

Net income _____ 14, 983. 13

The sales of produce during the year were approximately $720,000, and the commissions earned slightly in excess of $36,000.

DECISION.

The determination of the Commissioner is approved.

---

## Appeal of THE HOOVER-BOND CO.　　Docket No. 986.

The Board is without authority to require the Commissioner to permit the filing of returns and the computation of income and profits taxes, under the provisions of article 42 of Regulations 45, since such returns, if filed, would not "clearly reflect the income" of the taxpayer and the method of computing income provided in that article does not conform to section 200 of the Revenue Act of 1918. *Appeal of B. B. Todd, Inc.*, 1 B. T. A. 762, and *Appeal of H. B. Graves Company, Inc.*, 1 B. T. A. 859, cited and approved.

Submitted February 21, 1925; decided April 6, 1925.

*Walter S. Jackson, Esq.*, for the taxpayer.
*Ward Loveless, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The taxes involved in this appeal are income and profits taxes for the years 1917 and 1918 in the amount of $25,602.91. The questions presented for determination are, whether the taxpayer has kept such books and records as would enable the taxpayer and the Commissioner to compute the taxpayer's taxable income upon the basis permitted by article 42 of Regulations 45, and if so, whether this Board should properly recognize such basis as being one "made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income."

FINDINGS OF FACT.

1. The taxpayer is an Ohio corporation which was organized and began business on January 1, 1913. It was the sucessor of a partnership of the same name which was organized in 1898. It was engaged in the business of selling furniture at retail and operated stores in Ohio and Michigan. During the years 1917 and 1918 there were six such stores in operation. The sales made by the taxpayer were on the basis of (a) cash sales, and (b) installment plan sales. During the year 1917 and 1918 the sales made on the